UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SHANGLIN CHOU, WANG AND JULIE & WANG
REALTY, INC.,

                Plaintiffs,

   - against –

EAST WEST BANK,

                Defendant.
----------------------------------X

**MEMORANDUM & ORDER**

15-CV-5376 (KAM)

**MATSUMOTO, United States District Judge:**

      On September 17, 2015, *pro se* plaintiffs Shanglin Chou, Wang, and Julie and Wang Realty, Inc.,[1] filed a complaint and the instant application for an "Emergency Order to Show Cause" for a temporary restraining order and preliminary injunction staying the auction and sale of property located at 31-18 Union Street, Flushing, New York 11354 (the "Property"), pursuant to an order by the Bankruptcy Court for the Eastern District of New York dated August 19, 2015, approving the bidding procedures for an auction of the Property and subsequent sale by Julie & Wang Realty, Inc. in its Chapter 11 bankruptcy case. (*See* Order Approving Bidding Procedures and Establishing Date and Time for Sale Hearing, ECF No. 53, *In re Julie & Wang Realty, Inc.*, Petition No. 15-41977-nhl (Bankr. E.D.N.Y. Aug.

---

[1] The complaint was signed by Shanglin Chou and Julie and Wang Realty, Inc., by its president, Shanglin Chou. Plaintiff Wang's name appears only in the case caption, and he or she did not sign the complaint.

1

19, 2015).)  Plaintiff has paid the filing fee to initiate this federal court action.

On September 17, 2015, Ms. Chou appeared for a hearing before the court, with Ms. Zhan Cao, who assisted with translating; counsel for East West Bank, which has not yet been served in this action, and bankruptcy counsel for Julie & Wang Realty, Inc. were also present.  Counsel for East West Bank and bankruptcy counsel for Julie & Wang Realty, Inc. advised the court that the auction of the Property had taken place earlier that day, as scheduled by the bankruptcy court.

"A party seeking a preliminary injunction must show '(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.'"  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011) (quoting *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd*., 598 F.3d 30, 35 (2d Cir. 2010)); Fed. R. Civ. P. 65(b)(1)(A).  Here, plaintiffs fail to demonstrate a likelihood of success on the merits because, according to the docket in the related bankruptcy case, *In re Julie & Wang Realty, Inc.*, Docket No. 15-41977, no appeal of the bankruptcy court's order regarding the procedures, date, and time of the auction was filed within fourteen days of that

order, as required by Federal Rule of Bankruptcy Procedure Rule 8002. *See also In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) ("in the absence of a timely notice of appeal [pursuant to Rule 8002(a)] in the district court, the district court is without jurisdiction to consider the appeal"). To the extent plaintiffs' claims are based on alleged infirmities in the bankruptcy court proceedings, plaintiff Julie and Wang Realty, Inc. and its principal, Ms. Chou, can raise such concerns during the sale hearing to approve the proposed sale of the Property, scheduled before Bankruptcy Judge Nancy Hershey Lord for September 18, 2015 at 11:00 a.m. (*See* Order Approving Bidding Procedures and Establishing Date and Time for Sale Hearing, ECF No. 53, *In re Julie & Wang Realty, Inc.*, Petition No. 15-41977-nhl (Bankr. E.D.N.Y. Aug. 19, 2015).)

Furthermore, to the extent plaintiffs seek to enjoin the auction or sale on the grounds that an underlying state foreclosure judgment against the Property is somehow invalid, the federal courts lack jurisdiction to stay or enjoin a state court judgment of foreclosure. *Jing Chun Wu v. LeVine*, 314 F. App'x 376, 377 (2d Cir. 2009) (affirming denial of plaintiff's claims for injunctive relief to stay the state court's foreclosure order on her property because the district court was without subject matter jurisdiction on the basis of the *Rooker-*

3

*Feldman*[2] doctrine); *see also Jing Chun Wu v. LeVine*, No. 05-cv-1234, 2005 U.S. Dist. LEXIS 21051, at *6 (E.D.N.Y. June 3, 2005) ("Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine.").

Accordingly, the motion for a preliminary injunction and a temporary restraining order is denied because plaintiffs have not demonstrated a likelihood of success on the merits. Plaintiffs shall effect service of the summons and complaint upon defendant if they wish to proceed with this action. Ms. Chou is advised that she can only represent herself *pro se*. If plaintiff Wang wishes to pursue this action, he must sign any pleadings himself; similarly, if plaintiff Julie & Wang Realty, Inc. is to pursue this action, it must be represented by counsel. This action is referred to Magistrate Judge Vera Scanlon for pretrial supervision. Although plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this order denying plaintiff's motion for injunctive relief would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45

---

[2] Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

4

(1962).  The Clerk of the Court is respectfully directed to serve a copy of this order on plaintiffs and note service on the docket.

**SO ORDERED.**

**Dated**: Brooklyn, New York
September 17, 2015

                                                _____/s/_____
                                                KIYO A. MATSUMOTO
                                                United States District Judge
                                                Eastern District of New York