UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

SHANGLIN CHOU, WANG AND JULIE & WANG
REALTY, INC.,

                Plaintiff,

   -against-

EAST WEST BANK,

                Defendant.

----------------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION DISMISSING THIS ACTION WITHOUT PREJUDICE**

15-CV-5376 (KAM)(VMS)

**MATSUMOTO, United States District Judge:**

      Plaintiffs commenced this action against defendant East West Bank on September 17, 2015. (ECF No. 1, Complaint.) On January 29, 2016, the court ordered plaintiffs show cause no later than February 17, 2016 why this action should not be dismissed for failure to serve defendant and for failure to prosecute. (Order dated 1/29/16.) Alternatively, the court ordered plaintiffs to file proof of service immediately if the summons and complaint had been served, as required by the Federal Rules of Civil Procedure. (*Id.*) A copy of Judge Scanlon's January 29, 2016 Order was mailed by her chambers to each plaintiff. (*Id.*)

      On March 11, 2016, Judge Scanlon issued a Report and Recommendation ("R&R") recommending that the court dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m) because plaintiffs failed to file proof of

service of process on the defendant or show good cause why defendant was not timely served. (ECF No. 6.) The R&R notified the parties that any objections must be filed within seventeen days of service of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).[1] (R&R at 1-2.) The R&R noted that a copy of the R&R would be sent by mail to plaintiffs' address of record. (*Id.* at 1.) The statutory period for filing objections has now expired, and no objections to Judge Scanlon's R&R have been filed.

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . . ." 28 U.S.C. § 636(b)(1)(C). However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The court has nonetheless conducted a *de novo* review of Judge Scanlon's Report and Recommendation.

---

1 Although 28 U.S.C. § 636(b)(1) provides 14 days after being served to file written objections, it appears that Judge Scanlon provided three additional days to account for mailing.

2

Upon both clear error and *de novo* review, the court adopts Judge Scanlon's recommendation dismissing this action without prejudice.  Pursuant to Rule 4(m), plaintiffs had 120 days after the complaint was filed to serve defendant.[2]  By Order dated January 29, 2016, Judge Scanlon provided additional time and ordered plaintiffs to serve defendant with the summons and complaint by February 17, 2016.  Plaintiffs have not filed proof of service on defendant and have not shown good cause why service was not timely effected.  Consequently, the court dismisses this case without prejudice pursuant to Rule 4(m).

The Clerk of the Court is respectfully directed to serve a copy of this Order on plaintiffs, note service on the docket, and close this case.

**SO ORDERED.**

Dated:   April 8, 2016
         Brooklyn, New York

/s/
Kiyo A. Matsumoto
United States District Judge

---

[2] Although Rule 4(m) has been amended, effective December 1, 2015, to require that the summons and compliant be served within 90 days from the date the complaint is filed, the court applies the 120 day period in effect at the time plaintiff filed their complaint.